IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

CASE NO:_____

| | |
|---|---|
| ALLIANZ MÉXICO, S.A. COMPAÑIA DE SEGUROS, as subrogee of Kimberly Clark de Mexico, S.A.B. de C.V.<br><br>Plaintiff,<br><br>v.<br><br>OSRAM SYLVANIA, INC.,<br><br>Defendant. | **NOTICE OF REMOVAL** |

TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT
       FOR NEW HAMPSHIRE

In accordance with the provisions of 28 U.S.C. §§ 1332(a) and 1446, notice is given as follows:

1.   Defendant OSRAM SYLVANIA, Inc. hereby removes this lawsuit from the Superior Court, County of Hillsborough, New Hampshire, Northern District, where it was filed by Plaintiff on August 28, 2013, and assigned Case No. 216-2013-CV-00585, to the United States District Court for New Hampshire. A copy of the state court file is attached as Exhibit 1, and it constitutes all pleadings served or filed in this action as of the date of this notice.

2.   The time within which Defendant is permitted to file its notice of removal under 28 U.S.C. § 1446 has not expired as of the time of the filing and service of this notice of removal. Less than thirty days have passed since Defendant first received notice of the complaint by service or otherwise, which occurred no sooner than October 1, 2013. Defendant was not served prior to October 1, 2013, when Defendant was served via hand delivery by and

through their registered agent. *See* 28 U.S.C. § 1446(b); *accord Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the thirty-day time period under removal statute begins to run from the date of formal service).

3. This court has original jurisdiction of this action under 28 U.S.C. § 1332. This action may be removed from the Hillsborough County Superior Court, pursuant to 28 U.S.C. § 1441, because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the action is between a citizen of a state and a citizen or subject of a foreign state.

4. The amount in controversy requirement is plainly satisfied based on the allegations in the complaint. "[T]he court's inquiry does not focus on [a claim's] probable success but rather on whether to anyone familiar with the applicable law the claim could objectively have been viewed as worth the jurisdictional minimum." *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 221 (D.N.H. 2004). Plaintiff, an insurance company, insured a Kimberly-Clark de México paper products manufacturing facility in Mexico. Plaintiff alleges that Defendant's product caused a fire that caused "significant property damage" at the facility. (Compl. ¶¶ 9, 27.) Plaintiff, as subrogee of Plaintiff's insured, asserts six causes of action and seeks a judgment "in excess of $25,000" on each of the six causes of action. (Compl. ¶¶ 30, 43, 55, 66, 76, 84.)

5. That the amount in controversy requirement is satisfied is "facially apparent from plaintiff's complaint." *Amoche v. Guar. Trust Life Ins. Co.*, Civil No. 07-cv-371-JD, 2008 WL 3843903, at *3 (D.N.H. Aug. 14, 2008). First, Plaintiff's six claims for damages in excess of $25,000 total, in the aggregate, more than $75,000. "It is well settled that … an individual plaintiff's multiple claims against a single defendant may be aggregated to determine diversity

2

jurisdiction...." *Finley v. George Weston Bakeries Distribution, Inc.*, 473 F. Supp. 2d 105, 106 (D.Me. 2007) (quoting *Clark v. State Farm Mutual Auto. Ins. Co.*, 473 F.3d 708 (7th Cir. 2007)); *see also Industria de Refrigeracion Comercial Indufrial, S.A. v. Gutierrez-Guzman*, Civil No. 12-2038 (FAB), 2013 WL 2378580, at *3 (D.Puerto Rico June 3, 2013) (assessing whether claims for breach of contract and declaratory judgment, neither of which satisfied jurisdictional minimum alone, would satisfy amount-in-controversy requirement when aggregated). Second, it is "reasonably probable" that an allegation that a fire caused "significant property damage" at a paper products manufacturing facility puts at issue more than $75,000 in alleged damages. *Bassi v. Krochina*, Civil No. 12-cv-39-JD, 2012 WL 1570836, at *3 (D.N.H. May 3, 2012) (holding that party seeking removal must "show a reasonable probability that the amount in controversy exceeds $75,000") (citation and internal quotation omitted.)

6. In addition, even if the satisfaction of the jurisdictional minimum were not facially apparent from the Complaint, matters outside the pleadings here further confirm that the amount-in-controversy requirement is satisfied. *Mut. Real Estate Holdings, LLC v. Houston Cas. Co.*, Civil No. 10-cv-236-LM, 2010 WL 3608043, at *3 (D.N.H. Sep. 13, 2010). The Civil Action Cover Sheet for Plaintiff's Massachusetts complaint, which asserted similar claims relating to the same fire, described the damages resulting from the fire as totaling "50+ million." (*See* Civil Action Cover Sheet (attached hereto in Exhibit 2, at 5).)

7. Moreover, the parties to this action demonstrate the required degree of diversity to support removal. *See* 28 U.S.C. § 1332(a).

    (a) Plaintiff is a foreign corporation with a principal place of business located in Mexico City, Mexico D.F.

 (b) Defendant is a foreign corporation organized and existing under the laws of the State of Delaware, and operating its principal place of business in the State of Massachusetts.

8. Removal to this district is proper under 28 U.S.C. § 109 because this is the district embracing the place where the action is pending.

9. Written notice of the filing of this Notice of Removal is being properly given to the Plaintiff and a Notice of Filing of Notice of Removal is being promptly filed with the Clerk of the Hillsborough County Superior Court, as required by 28 U.S.C. § 1446(d). (The Notice of Filing of Notice of Removal is attached hereto as Exhibit 3.)

10. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's rights to assert any defense or affirmative matter including, without limitation, the defenses of (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) failure to state a claim; (6) *forum non conveniens*; or (7) any other procedural or substantive defense available under state or federal law.

## CONCLUSION

For these reasons, Defendant respectfully removes this action from the Superior Court, Hillsborough County, New Hampshire to this Court. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

4

This the 30th day of October, 2013.

                                                OSRAM SYLVANIA, INC.

                                                By its attorneys,

                                                Adam Larson. #46649
                                                Campbell Campbell Edwards &
                                                       Conroy, P.C
                                                One Constitution Center, Third Fl.
                                                Boston, MA 02129
                                                617-241-3000
                                                alarson@campbell-trial-lawyers.com
                                                *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal was served by United States First Class Mail, postage prepaid, on this 30th day of October, 2013 upon:

Shaun DeSantis, Esq.
Diller Law, P.C.
15 Court Square, Suite 800
Boston, MA 02108

By: s/ Adam Larson
Adam Larson