# EXHIBIT 1

**Merrimack County Sheriff's Office**
SHERIFF SCOTT E. HILLIARD
333 Daniel Webster Hwy
Boscawen, NH 03303
Phone: 603-796-6600

OSRAM SYLVANIA, INC.
9 CAPITOL ST
CONCORD, NH 03301

AFFIDAVIT OF SERVICE

MERRIMACK, SS                                    October 1, 2013

I, Sergeant BRENDAN S MERCHANT, on this day at 1210 a.m./p.m. summoned the within named defendant OSRAM SYLVANIA, INC. by leaving at the office of Registered Agent CT Corporation, 29 School Street, Concord, said County and State of New Hampshire, its true and lawful agent for the service of process under and by virtue of Chapter 293-A, NH RSA as amended, a copy of this Order of Notice on Complaint.

FEES

| | | |
|---|---|---|
| Service | $25.00 |
| Postage | 1.00 |
| Travel | 15.00 |

TOTAL            $41.00

Sergeant BRENDAN S MERCHANT
Merrimack County Sheriff's Office

RETURN COPY

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Hillsborough Superior Court Northern District
300 Chestnut Street
Manchester NH  03101

Telephone: (603) 669-7410
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## ORDER OF NOTICE ON COMPLAINT
PAD Rule 1

Case Name:    **Allianze Mexico, S.A. Compania De Seguros v Osram Sylvania, Inc.**
Case Number:    **216-2013-CV-00585**

A lawsuit has been filed against Osram Sylvania, Inc. in this Court. A copy of the complaint is attached. If you have been previously served with a document entitled "Writ of Summons", disregard any deadline contained therewith. These are the relevant deadlines in your case:

**The Court ORDERS that ON OR BEFORE:**

October 18, 2013        Allianze Mexico, S.A. Compania De Seguros shall have this Order of Notice and the attached Complaint served upon Osram Sylvania, Inc. by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law.

October 25, 2013        Allianze Mexico, S.A. Compania De Seguros shall file the returns of service with this Court. Failure to do so may result in this action being discontinued without further notice.

30 days after Defendant        Osram Sylvania, Inc. must file a written appearance form and written
is served        answer or other responsive pleading form with this Court.  A copy of the answer and/or responsive pleading must be sent to the party listed below and any other party who has filed an appearance in this matter.

**Notice to Osram Sylvania, Inc.:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:
Shaun K. DeSantis, ESQ

Diller & Diller
15 Court Square Suite 800
Boston MA  02108

BY ORDER OF THE COURT

September 03, 2013

John M. Safford
Clerk of Court

(539)

STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS                                    SUPERIOR COURT
NORTHERN DISTRICT

CIVIL NO.:

ALLIANZ MÉXICO, S.A. COMPAÑIA DE SEGUROS, as Subrogee of Kimberly Clark de
México, S.A.B. de C.V.

v.

OSRAM SYLVANIA, INC.

### COMPLAINT AND JURY DEMAND

Plaintiff ALLIANZ MÉXICO, S.A. COMPAÑIA DE SEGUROS, as Subrogee of

Kimberly Clarkde México, S.A.B. de C.V., by and through its attorneys, Denenberg Tuffley

PLLC, and for its Complaint against the Defendant, OSRAM SYLVANIA, INC., states the

following:

### INTRODUCTION

1.     This is an action to recover for damages resulting from a fire at Kimberly Clark

de México, S.A.B. de C.V.'s (the "Insured") paper products manufacturing facility, located in

Michoacán, Mexico.

### PARTIES

2.     Plaintiff Allianz México, S.A. Compañia de Seguros ("Allianz Mexico") is a

foreign corporation with a principal place of business located at Blvd Manuel A. Camacho 164,

Col. Lomas de Barrilaco, C.P. 11010 Mexico City, Mexico D. F. At all times described herein,

Allianz Mexico provided property insurance to the Insured pursuant to policy number

INCAG/000044776 for the Insured's paper products manufacturing facility located in

Michoacán, Mexico.

3.      At all material times, Plaintiff provided insurance to the Insured. As a result of the property damage, the Insured made a claim to Plaintiff under its policy of insurance. As a result of that claim, Plaintiff was obligated to pay, did pay, and/or is anticipated to pay an amount exceeding $25,000 to the Insured. As a result of these payments, Plaintiff has/or will become subrogated to the rights of the Insured as against Defendant.

4.      At all material times, Defendant Osram Sylvania, Inc. ("Sylvania") was and is a Delaware corporation with its principal place of business located at 100 Endicott Street, Danvers, Massachusetts, and is authorized to and does conduct business in the State of New Hampshire. Defendant Sylvania maintains three manufacturing facilities in the State of New Hampshire, including a facility that manufactures high-intensity discharge lamps in Manchester, New Hampshire.

### JURISDICTION AND VENUE

5.      The Hillsborough County Superior Court has proper subject matter jurisdiction pursuant to N.H. Rev. Stat. § 491:7. The amount of damage sought exceeds the jurisdictional minimum of this Court.

6.      This Court may exercise personal jurisdiction over Defendant Sylvania because it maintains several places of business in New Hampshire.

7.      Venue is proper pursuant to N.H. Rev. Stat. § 507:9. Defendant Sylvania maintains a manufacturing facility within Hillsborough County and based upon information and belief, that manufacturing facility likely manufactured the subject metal halide lamp that failed.

### FACTS

8.      Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 7, inclusive, as if herein set forth at length.

9.     This matter arises out of a June 1, 2012 fire at the Insured'spaper products manufacturing facility located in Michoacán, Mexico (the "Facility").

10.    The fire began in the conversion area of the Facility at approximately 20:00 hours.

11.    The conversion area, among other things, was used to store seven-meter-tall stacks of paper, which were eventually cut down to retail and consumer use paper products.

12.    According to witness reports, the flames were initially concentrated on top of a seven-meter-tall stack of paper products.

13.    As a result of expert investigations, the source of ignition of the fire has been determined to be the catastrophic failure and/or explosion of a High Intensity Discharge, 250-watt metal halide lamp (the "Lamp") manufactured by Defendant Sylvania.

14.    The Lamp's arc tube ruptured, causing the extremely hot Lamp fragments to fall and ignite the stacks of paper.

15.    Prior to the fire, on January 30, 2011, the Insured replaced the existing 400-watt light fixture ballast with a new 250-watt ballast and replaced the existing400-watt lamp with a new250-wattmetal halide lamp manufactured by Defendant Sylvania.

16.    The Facility's lighting system is set on a timer to run approximately twelve hours per day. Therefore, prior to the fire, the Lamp was energized for a period of time thatwas well within the Lamp's life expectancy.

17.    The new replacement 250-watt Sylvania metal halide lamps that the Insured used were supplied in individual lamp flimsies, which did not provide any warnings or recommendations regarding use in Spanish, the native and predominant language in Mexico.

18.    The cases containing the new replacement Sylvania 250-watt lamps and lamp flimsies indicated the lamps were manufactured in the United States; there was no additional paperwork contained within the cases.

## COUNT I

### Strict Liability – Manufacturing Defect

19.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 18, inclusive, as if herein set forth at length.

20.    Defendant Sylvania, at all times herein, was in the business of manufacturing, assembling, producing, inspecting, testing, selling, and/or otherwise placing into the stream of commerce metal halide lamps of the type used in the Facility.

21.    Defendant Sylvania, in whole or in part, manufactured, assembled, produced, inspected, tested, sold, and/or placed the Lamp into the stream of commerce.

22.    Defendant Sylvania knew, or reasonably should have known, of the foreseeable risk that the Lamp would be used by the Insured and other consumers without inspection for defects such as the defect which caused the subject loss.

23.    At the time the Lamp left the control of Defendant Sylvania, a manufacturing defect existed that rendered the Lamp unreasonably dangerous to the user in that:

A.   The Lamp failed to operate properly;

B.   The manufacture of the Lamp failed to prevent a catastrophic arc tube failure;

C.   The manufacture of the Lamp failed to prevent a violent explosion during the Lamp's normal and expected use;

D.   The Lamp was inadequate for its life expectancy;

E.   The Lamp was inadequate for the purpose for which it was intended; and

F.    Was otherwise defective and unreasonably dangerous.

24.    The unreasonably dangerous conditions and manufacturing defects described existed at the time the Lamp was manufactured.

25.    The Lamp was only used for its intended purpose and was not altered after its manufacture by Defendant Sylvania.

26.    The manufacturing defect of the Lamp was dangerous to an extent beyond that which would be contemplated by the average consumer, including the Insured, and rendered the Lamp defective and unreasonably dangerous.

27.    As a direct and proximate cause of the unreasonably dangerous and defective condition of the Lamp, the June 1, 2012 explosion and subsequent fire took place, causing significant property damage at the Facility.

28.    As a result of the damage, the Insured made claims to Plaintiff.

29.    As a result of these claims, Plaintiff was obligated to pay and did pay, on behalf of the Insured, building damage, contents loss, and other damages in excess of $25,000.

30.    As a result of this payment, Plaintiff has become subrogated to the rights of the Insured against Defendant Sylvania.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment against Defendant Sylvania in an amount in excess of $25,000, plus interest, costs and any other relief this Honorable Court deems appropriate.

## COUNT II

### Strict Liability – Design Defect

31.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 30, inclusive, as if herein set forth at length.

32.     Defendant Sylvania, at all times herein, was in the business of manufacturing, assembling, designing, producing, inspecting, testing, selling, and/or otherwise placing into the stream of commerce metal halide lamps of the type used in the Facility.

33.     Defendant Sylvania, in whole or in part, manufactured, assembled, designed, produced, inspected, tested, sold, and/or placed the Lamp into the stream of commerce.

34.     Defendant Sylvania knew, or reasonably should have known, of the foreseeable risk that the Lamp would be used by the Insured and other consumers without inspection for defects such as the defect which caused the subject loss.

35.     At the time the Lamp left the control of Defendant Sylvania, a design defect existed that rendered the Lamp unreasonably dangerous to the user in that:

        A.     The Lamp was inadequate for the purpose for which it was intended;

        B.     The Lamp was inadequate for its life expectancy;

        C.     The Lamp could foreseeably be installed in fixtures that did not have an adequate shield or lens;

        D.     Despite the risk of the Lamp's arc tube rupturing, there was a lack of adequate safeguards to prevent the extremely hot Lamp fragments from falling onto combustible materials; and

        E.     Was otherwise defective and unreasonably dangerous.

36.     The unreasonably dangerous conditions and design defects described existed at the time the Lamp was manufactured.

37.     The Lamp was only used for its intended purpose and was not altered after its manufacture by Defendant Sylvania.

38.     A safer alternative with respect to the design of the Lamp was available without excessive cost or loss of product efficiency to Defendant Sylvania.

39.     The design defect of the Lamp was dangerous to an extent beyond that which would be contemplated by the average consumer, including the Insured, and rendered the Lamp defective and unreasonably dangerous.

40.     As a direct and proximate cause of the unreasonably dangerous and defective condition of the Lamp, the June 1, 2012 explosion and subsequent fire took place, causing significant property damage at the Facility.

41.     As a result of the damage, the Insured made claims to Plaintiff.

42.     As a result of these claims, Plaintiff was obligated to pay and did pay, on behalf of the Insured, building damage, contents loss, and other damages in excess of $25,000.

43.     As a result of this payment, Plaintiff has become subrogated to the rights of the Insured against Defendant Sylvania.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment against Defendant Sylvania in an amount in excess of $25,000, plus interest, costs and any other relief this Honorable Court deems appropriate.

## COUNT III

### Strict Liability – Warning Defect

44.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 43, inclusive, as if herein set forth at length.

45.     Defendant Sylvania, at all times herein, was in the business of manufacturing, assembling, designing, producing, inspecting, testing, selling, and/or otherwise placing into the stream of commerce metal halide lamps of the type used in the Facility.

46.     Defendant Sylvania, in whole or in part, manufactured, assembled, designed, produced, inspected, tested, sold, and/or placed the Lamp into the stream of commerce.

47.     Defendant Sylvania knew, or reasonably should have known, of the foreseeable risk that the Lamp would be used by the Insured or other consumers without inspection for defects such as the defect which caused the subject loss. Defendant Sylvania nonetheless failed to provide adequate warnings of the known and foreseeable risks of the Lamp.

48.     At the time the Lamp left the control of Defendant Sylvania, the Lamp was defective in that Sylvania failed to provide adequate warnings and instructions, including, but not limited to the following:

    A.    Failing to provide any warnings in Spanish regarding the use of the Lamp when Sylvania knew or should have known that the Lamp would be used in a facility located in Mexico, where Spanish is the native language and is used exclusively in the majority of the county;

    B.    Failing to provide an adequate warning that metal halide lamps have a propensity to explode and could ignite any surrounding combustible material;

    C.    Failing to provide an adequate warning that metal halide lamps should only be used in light fixtures that contain a protective shield or lens;

    D.    Failing to provide an adequate warning that the Lamp did not contain a protective shroud that would protect surrounding combustible material in the event of a lamp explosion; and

    E.    Was otherwise defective and unreasonably dangerous.

49.     The unreasonably dangerous conditions and warning defects described existed at the time the Lamp was manufactured.

50.     The Lamp was only used in a manner in which it was foreseeably intended to be used and was not altered after its manufacture by Defendant Sylvania.

51.     The warning defect was dangerous to an extent beyond that which would be contemplated by the average consumer, including the Insured, and rendered the Lamp defective and unreasonably dangerous.

52.     As a direct and proximate cause of the failures to adequately warn concerning the Lamp, the June 1, 2012 explosion and subsequent fire took place, causing significant property damage at the Facility.

53.     As a result of the damage, the Insured made claims to Plaintiff.

54.     As a result of these claims, Plaintiff was obligated to pay and did pay, on behalf of the Insured, building damage, contents loss, and other damages in excess of $25,000.

55.     As a result of this payment, Plaintiff has become subrogated to the rights of the Insured against Defendant Sylvania.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment against Defendant Sylvania in an amount in excess of $25,000, plus interest, costs and any other relief this Honorable Court deems appropriate.

## COUNT IV

### Negligence

56.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 55, inclusive, as if herein set forth at length.

57.     At all times herein, Defendant Sylvania was in the business of manufacturing, assembling, designing, producing, inspecting, testing, selling, and/or otherwise placing into the stream of commerce metal halide lamps of the type used in the Facility.

58.     Defendant Sylvania, in whole or in part, manufactured, assembled, designed, produced, inspected, tested, sold, and/or placed the Lamp into the stream of commerce.

59.     Defendant Sylvania owed a duty to foreseeable users, such as the Insured, to design and manufacture the Lamp with reasonable care to eliminate avoidable dangers to person and property.

60.     Defendant Sylvania was obligated to perform its manufacturing services in a skillful, workmanlike, prudent, non-negligent, and non-reckless manner, complying with the standard of care reasonably expected in the industry.

61.     In manufacturing the Lamp in question, Defendant Sylvania was under an obligation to use due care for the safety and protection of its end users, to observe all applicable statutes, codes, protocols, regulations, policies and procedures, and to meet and/or exceed industry standards.

62.     Defendant Sylvania and/or its agents, employees and/or representatives breached their dutiesto Plaintiff by one or more of the following negligent acts, reckless acts, and/or omissions:

    A.    Failing to exercise reasonable care in the specification, design, manufacture, inspection, and testing of the Lamp to eliminate avoidable dangers;

    B.    Failing to specify, design, manufacture, and test a Lamp which would operate properly;

    C.    Failing to specify, design, manufacture, inspect, and test the Lamp to prevent a catastrophic arc tube failure;

    D.    Failing to specify, design, manufacture, inspect, and test the Lamp to prevent a violent explosion during normal and expected use by a foreseeable end user;

    E.    Failing to provide appropriate warnings with the Lamp regarding installation, foreseeable use, and the potential that the Lamp could violently explode and cause property damage;

    F.    Failing to adequately perform a foreseeable risk analysis associated with the Lamp;

    G.    Placing an unreasonably dangerous and defective product in the stream of commerce which exposed foreseeable end users to unreasonable risks which were known, or should have been known, to Defendant Sylvania;

    H.    Failing to properly train its employees with respect to their work;

I.      Failing to properly supervise its employees with respect to their work;

J.      Violating applicable federal, state and/or local ordinances, statutes and/or codes in the manner in which it specified, designed, manufactured, inspected, and tested the Lamp;

K.      Failing to take all other reasonable precautions to prevent the damage that resulted; and

L.      Any other acts or omissions, which become known through the course of discovery.

63.    As a direct and proximate cause of the aforementioned negligence, the June 1, 2012 explosion and subsequent fire took place, causing significant property damage at the Facility.

64.    As a result of the damage, the Insured made claims to Plaintiff.

65.    As a result of these claims, Plaintiff was obligated to pay and did pay, on behalf of the Insured, building damage, contents loss and other damages in excess of $25,000.

66.    As a result of this payment, Plaintiff has become subrogated to the rights of the Insured against Defendant Sylvania.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment against Defendant Sylvania in an amount in excess of $25,000, plus interest, costs and any other relief this Honorable Court deems appropriate.

## COUNT V

### Breach of the Implied Warranty of Merchantability

67.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 66, inclusive, as if herein set forth at length.

68.     Defendant Sylvania, at all times herein, was in the business of manufacturing, assembling, designing, producing, inspecting, testing, selling, and/or otherwise placing into the stream of commerce metal halide lamps of the type used in the Facility.

69.     Upon information and belief, at the time the Lamp left the control of Defendant Sylvania, a defect existed that rendered the Lamp unreasonably dangerous.

70.     The Insured was an expected and foreseeable user of the Lamp.

71.     Under the implied warranty of merchantability, Defendant Sylvania impliedly warranted that the Lamp was fit for its intended and ordinary use.

72.     The Lamp was not fit for its ordinary and intended use in that the Lamp was defectively manufactured, defectively designed, and/or lacked necessary and adequate warnings and instructions which rendered it unreasonably dangerous.

73.     As a direct and proximate cause of Defendant Sylvania's breach of the implied warranty of merchantability, Plaintiff has suffered damages in an amount exceeding $25,000, for which Defendant Sylvania is liable.

74.     As a result of the damage, the Insured made claims to Plaintiff.

75.     As a result of these claims, Plaintiff was obligated to pay and did pay, on behalf of the Insured, building damage, contents loss and other damages in excess of $25,000.

76.     As a result of this payment, Plaintiff has become subrogated to the rights of the Insured against Defendant Sylvania.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment against Defendant Sylvania in an amount in excess of $25,000, plus interest, costs and any other relief this Honorable Court deems appropriate.

## COUNT VI

### Breach of the Implied Warranty of Fitness for a Particular Purpose

77.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 76, inclusive, as if herein set forth at length.

78.     Defendant Sylvania had reason to know the particular purpose for which the Lamp was provided.

79.     The Insured relied on upon the skill and judgment of Defendant Sylvania in furnishing a product that was suitable and safe for such use.

80.     Defendant Sylvania breached the implied warranty of fitness for a particular purpose in that the Lamp was unsafe, defective, and unfit for the use the Insured was making of the Lamp.

81.     As a direct and proximate cause of Defendant Sylvania's breach of the warranty of fitness for a particular purpose, Plaintiff has suffered damages in an amount exceeding $25,000, for which Defendant Sylvania is liable.

82.     As a result of the damage, the Insured made claims to Plaintiff.

83.     As a result of these claims, Plaintiff was obligated to pay and did pay, on behalf of the Insured, building damage, contents loss and other damages in excess of $25,000.

84.     As a result of this payment, Plaintiff has become subrogated to the rights of the Insured against Defendant Sylvania.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment against Defendant Sylvania in an amount in excess of $25,000, plus interest, costs and any other relief this Honorable Court deems appropriate.

## JURY DEMAND

Plaintiff demands a jury trial on all claims so triable.

Respectfully submitted,

**DENENBERG TUFFLEY, PLLC**

By: _____

Todd B. Denenberg BBO #552564
Denenberg Tuffley, PLLC
28411 Northwestern Highway, Ste. 600
Southfield, MI 48034
(248)549-3900
tdenenberg@dt-law.com
            -and-
Shaun DeSantis NH BBO: 19866
Diller Law, P.C.
15 Court Square, Suite 800
Boston, MA 02108
(617) 523-7771
shaun@dillerlaw.com

Dated: August 26th, 2013

STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS                                         SUPERIOR COURT
NORTHERN DISTRICT

CIVIL NO.:

ALLIANZ MÉXICO, S.A. COMPAÑIA DE SEGUROS, as Subrogee of Kimberly Clark de
México, S.A.B. de C.V.

v.

OSRAM SYLVANIA, INC.

## COMPLAINT AND JURY DEMAND

Plaintiff ALLIANZ MÉXICO, S.A. COMPAÑIA DE SEGUROS, as Subrogee of
Kimberly Clarkde México, S.A.B. de C.V., by and through its attorneys, Denenberg Tuffley
PLLC, and for its Complaint against the Defendant, OSRAM SYLVANIA, INC., states the
following:

### INTRODUCTION

1.      This is an action to recover for damages resulting from a fire at Kimberly Clark
de México, S.A.B. de C.V.'s (the "Insured") paper products manufacturing facility, located in
Michoacán, Mexico.

### PARTIES

2.      Plaintiff Allianz México, S.A. Compañia de Seguros ("Allianz Mexico") is a
foreign corporation with a principal place of business located at Blvd Manuel A. Camacho 164,
Col. Lomas de Barrilaco, C.P. 11010 Mexico City, Mexico D. F. At all times described herein,
Allianz Mexico provided property insurance to the Insured pursuant to policy number
INCAG/000044776 for the Insured's paper products manufacturing facility located in
Michoacán, Mexico.

3.     At all material times, Plaintiff provided insurance to the Insured. As a result of the property damage, the Insured made a claim to Plaintiff under its policy of insurance. As a result of that claim, Plaintiff was obligated to pay, did pay, and/or is anticipated to pay an amount exceeding $25,000 to the Insured. As a result of these payments, Plaintiff has/or will become subrogated to the rights of the Insured as against Defendant.

4.     At all material times, Defendant Osram Sylvania, Inc. ("Sylvania") was and is a Delaware corporation with its principal place of business located at 100 Endicott Street, Danvers, Massachusetts, and is authorized to and does conduct business in the State of New Hampshire. Defendant Sylvania maintains three manufacturing facilities in the State of New Hampshire, including a facility that manufactures high-intensity discharge lamps in Manchester, New Hampshire.

## JURISDICTION AND VENUE

5.     The Hillsborough County Superior Court has proper subject matter jurisdiction pursuant to N.H. Rev. Stat. § 491:7. The amount of damage sought exceeds the jurisdictional minimum of this Court.

6.     This Court may exercise personal jurisdiction over Defendant Sylvania because it maintains several places of business in New Hampshire.

7.     Venue is proper pursuant to N.H. Rev. Stat. § 507:9. Defendant Sylvania maintains a manufacturing facility within Hillsborough County and based upon information and belief, that manufacturing facility likely manufactured the subject metal halide lamp that failed.

## FACTS

8.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 7, inclusive, as if herein set forth at length.

9.     This matter arises out of a June 1, 2012 fire at the Insured'spaper products manufacturing facility located in Michoacán, Mexico (the "Facility").

10.     The fire began in the conversion area of the Facility at approximately 20:00 hours.

11.     The conversion area, among other things, was used to store seven-meter-tall stacks of paper, which were eventually cut down to retail and consumer use paper products.

12.     According to witness reports, the flames were initially concentrated on top of a seven-meter-tall stack of paper products.

13.     As a result of expert investigations, the source of ignition of the fire has been determined to be the catastrophic failure and/or explosion of a High Intensity Discharge, 250-watt metal halide lamp (the "Lamp") manufactured by Defendant Sylvania.

14.     The Lamp's arc tube ruptured, causing the extremely hot Lamp fragments to fall and ignite the stacks of paper.

15.     Prior to the fire, on January 30, 2011, the Insured replaced the existing 400-watt light fixture ballast with a new 250-watt ballast and replaced the existing400-watt lamp with a new250-wattmetal halide lamp manufactured by Defendant Sylvania.

16.     The Facility's lighting system is set on a timer to run approximately twelve hours per day. Therefore, prior to the fire, the Lamp was energized for a period of time thatwas well within the Lamp's life expectancy.

17.     The new replacement 250-watt Sylvania metal halide lamps that the Insured used were supplied in individual lamp flimsies, which did not provide any warnings or recommendations regarding use in Spanish, the native and predominant language in Mexico.

18.     The cases containing the new replacement Sylvania 250-watt lamps and lamp flimsies indicated the lamps were manufactured in the United States; there was no additional paperwork contained within the cases.

## COUNT I

### Strict Liability – Manufacturing Defect

19.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 18, inclusive, as if herein set forth at length.

20.     Defendant Sylvania, at all times herein, was in the business of manufacturing, assembling, producing, inspecting, testing, selling, and/or otherwise placing into the stream of commerce metal halide lamps of the type used in the Facility.

21.     Defendant Sylvania, in whole or in part, manufactured, assembled, produced, inspected, tested, sold, and/or placed the Lamp into the stream of commerce.

22.     Defendant Sylvania knew, or reasonably should have known, of the foreseeable risk that the Lamp would be used by the Insured and other consumers without inspection for defects such as the defect which caused the subject loss.

23.     At the time the Lamp left the control of Defendant Sylvania, a manufacturing defect existed that rendered the Lamp unreasonably dangerous to the user in that:

      A. )   The Lamp failed to operate properly;

      B.     The manufacture of the Lamp failed to prevent a catastrophic arc tube failure;

      C.     The manufacture of the Lamp failed to prevent a violent explosion during the Lamp's normal and expected use;

      D.     The Lamp was inadequate for its life expectancy;

      E.     The Lamp was inadequate for the purpose for which it was intended; and

    F.      Was otherwise defective and unreasonably dangerous.

24.    The unreasonably dangerous conditions and manufacturing defects described existed at the time the Lamp was manufactured.

25.    The Lamp was only used for its intended purpose and was not altered after its manufacture by Defendant Sylvania.

26.    The manufacturing defect of the Lamp was dangerous to an extent beyond that which would be contemplated by the average consumer, including the Insured, and rendered the Lamp defective and unreasonably dangerous.

27.    As a direct and proximate cause of the unreasonably dangerous and defective condition of the Lamp, the June 1, 2012 explosion and subsequent fire took place, causing significant property damage at the Facility.

28.    As a result of the damage, the Insured made claims to Plaintiff.

29.    As a result of these claims, Plaintiff was obligated to pay and did pay, on behalf of the Insured, building damage, contents loss, and other damages in excess of $25,000.

30.    As a result of this payment, Plaintiff has become subrogated to the rights of the Insured against Defendant Sylvania.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment against Defendant Sylvania in an amount in excess of $25,000, plus interest, costs and any other relief this Honorable Court deems appropriate.

## COUNT II

### Strict Liability – Design Defect

31.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 30, inclusive, as if herein set forth at length.

32.   Defendant Sylvania, at all times herein, was in the business of manufacturing, assembling, designing, producing, inspecting, testing, selling, and/or otherwise placing into the stream of commerce metal halide lamps of the type used in the Facility.

33.   Defendant Sylvania, in whole or in part, manufactured, assembled, designed, produced, inspected, tested, sold, and/or placed the Lamp into the stream of commerce.

34.   Defendant Sylvania knew, or reasonably should have known, of the foreseeable risk that the Lamp would be used by the Insured and other consumers without inspection for defects such as the defect which caused the subject loss.

35.   At the time the Lamp left the control of Defendant Sylvania, a design defect existed that rendered the Lamp unreasonably dangerous to the user in that:

A.   The Lamp was inadequate for the purpose for which it was intended;

B.   The Lamp was inadequate for its life expectancy;

C.   The Lamp could foreseeably be installed in fixtures that did not have an adequate shield or lens;

D.   Despite the risk of the Lamp's arc tube rupturing, there was a lack of adequate safeguards to prevent the extremely hot Lamp fragments from falling onto combustible materials; and

E.   Was otherwise defective and unreasonably dangerous.

36.   The unreasonably dangerous conditions and design defects described existed at the time the Lamp was manufactured.

37.   The Lamp was only used for its intended purpose and was not altered after its manufacture by Defendant Sylvania.

38.   A safer alternative with respect to the design of the Lamp was available without excessive cost or loss of product efficiency to Defendant Sylvania.

39.     The design defect of the Lamp was dangerous to an extent beyond that which would be contemplated by the average consumer, including the Insured, and rendered the Lamp defective and unreasonably dangerous.

40.     As a direct and proximate cause of the unreasonably dangerous and defective condition of the Lamp, the June 1, 2012 explosion and subsequent fire took place, causing significant property damage at the Facility.

41.     As a result of the damage, the Insured made claims to Plaintiff.

42.     As a result of these claims, Plaintiff was obligated to pay and did pay, on behalf of the Insured, building damage, contents loss, and other damages in excess of $25,000.

43.     As a result of this payment, Plaintiff has become subrogated to the rights of the Insured against Defendant Sylvania.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment against Defendant Sylvania in an amount in excess of $25,000, plus interest, costs and any other relief this Honorable Court deems appropriate.

## COUNT III

### Strict Liability – Warning Defect

44.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 43, inclusive, as if herein set forth at length.

45.     Defendant Sylvania, at all times herein, was in the business of manufacturing, assembling, designing, producing, inspecting, testing, selling, and/or otherwise placing into the stream of commerce metal halide lamps of the type used in the Facility.

46.     Defendant Sylvania, in whole or in part, manufactured, assembled, designed, produced, inspected, tested, sold, and/or placed the Lamp into the stream of commerce.

47.     Defendant Sylvania knew, or reasonably should have known, of the foreseeable risk that the Lamp would be used by the Insured or other consumers without inspection for defects such as the defect which caused the subject loss. Defendant Sylvania nonetheless failed to provide adequate warnings of the known and foreseeable risks of the Lamp.

48.     At the time the Lamp left the control of Defendant Sylvania, the Lamp was defective in that Sylvania failed to provide adequate warnings and instructions, including, but not limited to the following:

    A.      Failing to provide any warnings in Spanish regarding the use of the Lamp when Sylvania knew or should have known that the Lamp would be used in a facility located in Mexico, where Spanish is the native language and is used exclusively in the majority of the county;

    B.      Failing to provide an adequate warning that metal halide lamps have a propensity to explode and could ignite any surrounding combustible material;

    C.      Failing to provide an adequate warning that metal halide lamps should only be used in light fixtures that contain a protective shield or lens;

    D.      Failing to provide an adequate warning that the Lamp did not contain a protective shroud that would protect surrounding combustible material in the event of a lamp explosion; and

    E.      Was otherwise defective and unreasonably dangerous.

49.     The unreasonably dangerous conditions and warning defects described existed at the time the Lamp was manufactured.

50.     The Lamp was only used in a manner in which it was foreseeably intended to be used and was not altered after its manufacture by Defendant Sylvania.

51.     The warning defect was dangerous to an extent beyond that which would be contemplated by the average consumer, including the Insured, and rendered the Lamp defective and unreasonably dangerous.

52.    As a direct and proximate cause of the failures to adequately warn concerning the Lamp, the June 1, 2012 explosion and subsequent fire took place, causing significant property damage at the Facility.

53.    As a result of the damage, the Insured made claims to Plaintiff.

54.    As a result of these claims, Plaintiff was obligated to pay and did pay, on behalf of the Insured, building damage, contents loss, and other damages in excess of $25,000.

55.    As a result of this payment, Plaintiff has become subrogated to the rights of the Insured against Defendant Sylvania.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment against Defendant Sylvania in an amount in excess of $25,000, plus interest, costs and any other relief this Honorable Court deems appropriate.

## COUNT IV

### Negligence

56.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 55, inclusive, as if herein set forth at length.

57.    At all times herein, Defendant Sylvania was in the business of manufacturing, assembling, designing, producing, inspecting, testing, selling, and/or otherwise placing into the stream of commerce metal halide lamps of the type used in the Facility.

58.    Defendant Sylvania, in whole or in part, manufactured, assembled, designed, produced, inspected, tested, sold, and/or placed the Lamp into the stream of commerce.

59.    Defendant Sylvania owed a duty to foreseeable users, such as the Insured, to design and manufacture the Lamp with reasonable care to eliminate avoidable dangers to person and property.

60.     Defendant Sylvania was obligated to perform its manufacturing services in a skillful, workmanlike, prudent, non-negligent, and non-reckless manner, complying with the standard of care reasonably expected in the industry.

61.     In manufacturing the Lamp in question, Defendant Sylvania was under an obligation to use due care for the safety and protection of its end users, to observe all applicable statutes, codes, protocols, regulations, policies and procedures, and to meet and/or exceed industry standards.

62.     Defendant Sylvania and/or its agents, employees and/or representatives breached their dutiesto Plaintiff by one or more of the following negligent acts, reckless acts, and/or omissions:

    A.    Failing to exercise reasonable care in the specification, design, manufacture, inspection, and testing of the Lamp to eliminate avoidable dangers;

    B.    Failing to specify, design, manufacture, and test a Lamp which would operate properly;

    C.    Failing to specify, design, manufacture, inspect, and test the Lamp to prevent a catastrophic arc tube failure;

    D.    Failing to specify, design, manufacture, inspect, and test the Lamp to prevent a violent explosion during normal and expected use by a foreseeable end user;

    E.    Failing to provide appropriate warnings with the Lamp regarding installation, foreseeable use, and the potential that the Lamp could violently explode and cause property damage;

    F.    Failing to adequately perform a foreseeable risk analysis associated with the Lamp;

    G.    Placing an unreasonably dangerous and defective product in the stream of commerce which exposed foreseeable end users to unreasonable risks which were known, or should have been known, to Defendant Sylvania;

    H.    Failing to properly train its employees with respect to their work;

I.      Failing to properly supervise its employees with respect to their work;

J.      Violating applicable federal, state and/or local ordinances, statutes and/or codes in the manner in which it specified, designed, manufactured, inspected, and tested the Lamp;

K.      Failing to take all other reasonable precautions to prevent the damage that resulted; and

L.      Any other acts or omissions, which become known through the course of discovery.

63.     As a direct and proximate cause of the aforementioned negligence, the June 1, 2012 explosion and subsequent fire took place, causing significant property damage at the Facility.

64.     As a result of the damage, the Insured made claims to Plaintiff.

65.     As a result of these claims, Plaintiff was obligated to pay and did pay, on behalf of the Insured, building damage, contents loss and other damages in excess of $25,000.

66.     As a result of this payment, Plaintiff has become subrogated to the rights of the Insured against Defendant Sylvania.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment against Defendant Sylvania in an amount in excess of $25,000, plus interest, costs and any other relief this Honorable Court deems appropriate.

## COUNT V

### Breach of the Implied Warranty of Merchantability

67.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 66, inclusive, as if herein set forth at length.

68.     Defendant Sylvania, at all times herein, was in the business of manufacturing, assembling, designing, producing, inspecting, testing, selling, and/or otherwise placing into the stream of commerce metal halide lamps of the type used in the Facility.

69.     Upon information and belief, at the time the Lamp left the control of Defendant Sylvania, a defect existed that rendered the Lamp unreasonably dangerous.

70.     The Insured was an expected and foreseeable user of the Lamp.

71.     Under the implied warranty of merchantability, Defendant Sylvania impliedly warranted that the Lamp was fit for its intended and ordinary use.

72.     The Lamp was not fit for its ordinary and intended use in that the Lamp was defectively manufactured, defectively designed, and/or lacked necessary and adequate warnings and instructions which rendered it unreasonably dangerous.

73.     As a direct and proximate cause of Defendant Sylvania's breach of the implied warranty of merchantability, Plaintiff has suffered damages in an amount exceeding $25,000, for which Defendant Sylvania is liable.

74.     As a result of the damage, the Insured made claims to Plaintiff.

75.     As a result of these claims, Plaintiff was obligated to pay and did pay, on behalf of the Insured, building damage, contents loss and other damages in excess of $25,000.

76.     As a result of this payment, Plaintiff has become subrogated to the rights of the Insured against Defendant Sylvania.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment against Defendant Sylvania in an amount in excess of $25,000, plus interest, costs and any other relief this Honorable Court deems appropriate.

## COUNT VI

### Breach of the Implied Warranty of Fitness for a Particular Purpose

77.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 76, inclusive, as if herein set forth at length.

78.    Defendant Sylvania had reason to know the particular purpose for which the Lamp was provided.

79.    The Insured relied on upon the skill and judgment of Defendant Sylvania in furnishing a product that was suitable and safe for such use.

80.    Defendant Sylvania breached the implied warranty of fitness for a particular purpose in that the Lamp was unsafe, defective, and unfit for the use the Insured was making of the Lamp.

81.    As a direct and proximate cause of Defendant Sylvania's breach of the warranty of fitness for a particular purpose, Plaintiff has suffered damages in an amount exceeding $25,000, for which Defendant Sylvania is liable.

82.    As a result of the damage, the Insured made claims to Plaintiff.

83.    As a result of these claims, Plaintiff was obligated to pay and did pay, on behalf of the Insured, building damage, contents loss and other damages in excess of $25,000.

84.    As a result of this payment, Plaintiff has become subrogated to the rights of the Insured against Defendant Sylvania.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment against Defendant Sylvania in an amount in excess of $25,000, plus interest, costs and any other relief this Honorable Court deems appropriate.

## JURY DEMAND

Plaintiff demands a jury trial on all claims so triable.

Respectfully submitted,

**DENENBERG TUFFLEY, PLLC**

By:   _____

Todd B. Denenberg BBO #552564
Denenberg Tuffley, PLLC
28411 Northwestern Highway, Ste. 600
Southfield, MI 48034
(248)549-3900
tdenenberg@dt-law.com
           -and-
Shaun DeSantis NH BBO: 19866
Diller Law, P.C.
15 Court Square, Suite 800
Boston, MA 02108
(617) 523-7771
shaun@dillerlaw.com

Dated: August 26th, 2013

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Hillsborough Superior Court Northern District
300 Chestnut Street
Manchester NH 03101

Telephone: (603) 669-7410
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## ORDER OF NOTICE ON COMPLAINT
### PAD Rule 1

Case Name: **Allianze Mexico, S.A. Compania De Seguros v Osram Sylvania, Inc.**
Case Number: **216-2013-CV-00585**

A lawsuit has been filed against Osram Sylvania, Inc. in this Court. A copy of the complaint is attached. If you have been previously served with a document entitled "Writ of Summons", disregard any deadline contained therewith. These are the relevant deadlines in your case:

## The Court ORDERS that ON OR BEFORE:

| | |
|---|---|
| October 18, 2013 | Allianze Mexico, S.A. Compania De Seguros shall have this Order of Notice and the attached Complaint served upon Osram Sylvania, Inc. by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| October 25, 2013 | Allianze Mexico, S.A. Compania De Seguros shall file the returns of service with this Court. Failure to do so may result in this action being discontinued without further notice. |
| 30 days after Defendant is served | Osram Sylvania, Inc. must file a written appearance form and written answer or other responsive pleading form with this Court. A copy of the answer and/or responsive pleading must be sent to the party listed below and any other party who has filed an appearance in this matter. |

**Notice to Osram Sylvania, Inc.:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:
Shaun K. DeSantis, ESQ

Diller & Diller
15 Court Square Suite 800
Boston MA 02108

BY ORDER OF THE COURT

September 03, 2013

John M. Safford
Clerk of Court

(539)

NHJB-2678-S (03/01/2013)

# CASE SUMMARY
## CASE NO. 216-2013-CV-00585

Allianze Mexico, S.A. Compania De Seguros v Osram
Sylvania, Inc.

§
§
§
§

Location: **Hillsborough Superior Court Northern District**
Judicial Officer: **Abramson, Gillian L**
Filed on: **08/28/2013**

---

### CASE INFORMATION

Case Type: **Tort-Product Liability**

Case Status: **08/30/2013** Pending

Case Flags: **PAD Case**

---

### PARTY INFORMATION

| Plaintiff | **Allianze Mexico, S.A. Compania De Seguros** | *Attorneys* |
|---|---|---|
| | | DeSantis, Shaun K., ESQ *Retained* 617-523-7771(W) |
| | | Akers, Ryan M., ESQ *Retained* |
| | | Davis, Melinda A., ESQ *Retained* |
| | | Denenberg, Todd B., ESQ *Retained* |
| Defendant | **Osram Sylvania, Inc.** | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 08/28/2013 | PAD Case | |
| 08/28/2013 | Complaint - Civil | *Index #1* |
| 09/03/2013 | Summons on Complaint | *Index #1* |
| 09/03/2013 | **Service** Osram Sylvania, Inc. | serv |
| 10/01/2013 | Service | |
| 10/17/2013 | Affidavit of Service *filed by Plaintiff* | *Index #2* |
| 10/17/2013 | Motion to Appear Pro Hac Vice *re: TODD B. DENENBERG, ESQ; MELINDA A. DAVIS, ESQ; and RYAN M. AKERS, ESQ. filed by Plaintiff* | *Index #3* |

---

| TARGET DATE | TIME STANDARDS |
|---|---|
| 11/01/2013 | Answer and Appearance *and Obj to Mo Pro Hac Vice* |



# DILLER LAW, P.C.
## PERSONAL INJURY LAW

15 Court Square, Suite 800
Boston, MA 02108

www.dillerlaw.com

Tel 617.523.7771
Fax 617.227.1767

October 15, 2013

Hillsborough County Superior Court North
Attn: Civil Clerk of Court
300 Chestnut Street
Manchester, NH 03101

RE:    Allianze-Mexico, S.A., Compania de Seguros v. Osram Sylvania, Inc.
        Case No.: 216-2013-CV-00585

Dear Sir or Madam:

        Enclosed please find Merrimack County Sheriff's Office Affidavit of Service relating to service upon Defendant, Osram Sylvania's registered New Hampshire agent for service of process.

        Thank you for your attention to this matter. Should you have any questions or concerns please do not hesitate to call.

Your Very Truly,

Shaun DeSantis

# DILLER LAW, P.C.

15 COURT SQUARE, SUITE 800
BOSTON, MASSACHUSETTS 02108

617.523.7771
FAX 617.227.1767

www.dillerlaw.com

August 26th, 2013

Hillsborough County Superior Court North
Attn: Diane / Civil Clerk's Office
300 Chestnut Street
Manchester, NH 03101

RE:   Allianze-Mexico, S.A., Compania de Seguros, as Subrogee of Kimberly Clark de
      México, S.A.B. de C.V. v. Osram Sylvania.
      Docket No.: TBA

Dear Diane:

      Per our conversation on Wednesday, August 28, 2013, enclosed please find the
three (3) replacement pages for the Plaintiff's complaint that lists the full address of the
Plaintiff, Allianze-Mexico.

      I apologize for the oversight and thank you again for allowing me to correct this
issue. Should you have any questions or concerns please do not hesitate to call.

                              Your Very Truly,

                              Shaun DeSantis

# DILLER LAW, P.C.

15 COURT SQUARE, SUITE 800
BOSTON, MASSACHUSETTS 02108

617.523.7771
FAX 617.227.1767

www.dillerlaw.com

August 26th, 2013

Hillsborough County Superior Court North
Attn: Civil Clerk of Court
300 Chestnut Street
Manchester, NH 03101

RE:   Allianze-Mexico, S.A., Compania de Seguros, as Subrogee of Kimberly Clark de
      México, S.A.B. de C.V. v. Osram Sylvania.
      Docket No.: TBA

Dear Sir or Madam:

Enclosed please find the following to be filed in your usual course:

- One Original Complaint;
- Two Copies of Plaintiff's Complaint for purposes of Orders of Notice; and
- Filing Fee of $250.00 made payable to the Hillsborough Superior Court.

Once properly docketed, please return the Orders of Notice to our office along in the self addressed stamped envelope provided for your convenience.

Thank you for your attention to this matter. Should you have any questions or concerns please do not hesitate to call.

Your Very Truly,

Shaun DeSantis

250⁰⁰ do

STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS                                                    SUPERIOR COURT
NORTHERN DISTRICT

CIVIL NO.: 216-2013-CV-00585

ALLIANZ MÉXICO, S.A. COMPAÑIA DE SEGUROS, as Subrogee of Kimberly Clark de
México, S.A.B. de C.V.

v.

OSRAM SYLVANIA, INC.

## MOTION TO ADMIT COUNSEL *PRO HAC VICE*

NOW COMES Shaun K. DeSantis, Esquire, Pursuant to Rule 19 of the New Hampshire
Rules of the Superior Court, as special counsel for the Plaintiff, Allianz México, S.A. Compañia
de Seguros (hereinafter "Plaintiff"), and respectfully moves this Court for the admission of counsel
Todd B. Denenberg, Esquire; Melinda A. Davis, Esquire; and Ryan M. Akers, Esquire, as counsel
for the Plaintiff *Pro Hac Vice*. In support of this motion, I respectfully represent as follows:

1. I am an associate in the law firm of Diller Law, P.C., 15 Court Square, Suite 800, Boston,
   MA, and a member in good standing of the Bars of the State of New Hampshire and of the
   Commonwealth of Massachusetts.

2. As set forth in the accompanying Application of Todd B. Deneberg, Esquire, Mr.
   Denenberg is a member in good standing of the Bars of the State of Michigan and the
   Commonwealth of Massachusetts. There are no disciplinary proceedings pending against
   Mr. Deneberg. [See Application of Todd B. Denenberg to Appear Pro Hac Vice, attached
   hereto at 1]

3. As set forth in the accompanying Application of Melinda A. Davis, Esquire, Ms. Davis is
   a member in good standing of the Bar of the State of Michigan. There are no disciplinary

proceedings pending against Ms. Davis. [See Application of Melinda A. Davis to Appear Pro Hac Vice, attached hereto at 2]

4. As set forth in the accompanying Application of Ryan M. Akers, Esquire, Mr. Akers is a member in good standing of the Bar of the State of Michigan. There are no disciplinary proceedings pending against Mr. Akers. [See Application of Ryan M. Akers to Appear Pro Hac Vice, attached hereto at 3]

5. Aforementioned counsel are familiar with the rules of this court and are intimately familiar with the facts of the above captioned matter.

6. Per Rule 19(b)(8) of the New Hampshire Rules of the Superior Court, I will be present at any trial or hearing on this matter.

**WHEREFORE**, the undersigned respectfully requests that this Court grant his *Motion to Admit Counsel Pro Hac Vice* and admit attorneys Todd B. Denenberg, Melinda A. Davis, and Ryan M. Akers as counsel for the Plaintiff in the above captioned matter.

Respectfully submitted,

Shaun DeSantis NH BBO: 19866

Diller Law, P.C.
15 Court Square, Suite 800
Boston, MA 02108
(617) 523-7771
shaun@dillerlaw.com

Dated: _10/15/13_

CERTIFICATION

I hereby certify that on this 15th day of October, 2013, a genuine copy of the within has been served upon the following counsel for the Defendant, via electronic and first class U.S. Mail, postage pre-paid:

Andrews S. Chamberlin
Ellis & Winters, LLP
333 N. Greene Street, Suite 200
Greensboro, NC 27401

Shaun DeSantis, Esq.

# STATE OF NEW HAMPSHIRE

**HILLSBOROUGH, SS**                                   **SUPERIOR COURT**
**NORTHERN DISTRICT**

## CIVIL NO.:  216-2013-CV-00585

### ALLIANZ MÉXICO, S.A. COMPAÑIA DE SEGUROS, as Subrogee of Kimberly Clark de México, S.A.B. de C.V.

### v.

### OSRAM SYLVANIA, INC.

## <u>APPLICATION OF TODD B. DENENBERG TO APPEAR PRO HAC VICE</u>

Pursuant to Rule 19(b) of the New Hampshire Rules of the Superior Court, I, a member of the bar in good standing in the State of Michigan, am sending a $250 check made payable to the Hillsborough Superior Court together with this Application for Pro Hac Vice:

     1.    Pursuant to Rule 19(b)(1) of the New Hampshire Rules of the Superior Court, I answer as follows:  My residential residence is 1583 Clarendon Rd., Bloomfield Hills, Michigan 48302 and my business address is Denenberg Tuffley, PLLC, 28411 Northwestern Highway, Suite 600, Southfield, Michigan 48034, telephone (248) 549-3900.

     2.    Pursuant to Rule 19(b)(2) of the New Hampshire Rules of the Superior Court, I answer as follows:  the name of the client sought to be represented is:

Allianz México, S.A. CompaÑia de Seguros,
as Subrogee of Kimberly Clark de México, S.A.B. de C.V.
Blvd. Manuel Avila Camacho # 164, Col.
Lomas de Barrilaco
Ciudad de Mexico
Disitrito Federal  )
PO Box 11010
Mexico
Telephone: 52 55 5201-31-94

     3.    Pursuant to Rule 19(b)(3) of the New Hampshire Rules of the Superior Court, I answer as follows:  I am admitted to practice before the Courts in Michigan and have been admitted to practice since December 12, 1988.  I am also admitted to practice before the Courts in Massachusetts and have been admitted to practice since December 14, 1988.

4.      Pursuant to Rule 19(b)(4) of the New Hampshire Rules of the Superior Court, I answer as follows: Not applicable, as I have never applied for *pro hac vice* in the State of New Hampshire.

5.      Pursuant to Rule 19(b)(5) of the New Hampshire Rules of the Superior Court, I answer as follows:  No formal, written disciplinary proceeding has ever been brought against me by any disciplinary authority in any other jurisdiction within the last five years.

6.      Pursuant to Rule 19(b)(6) of the New Hampshire Rules of the Superior Court, I answer as follows:  I have never been formally held in contempt or otherwise sanctioned by any court in a written order in the last five years for disobedience to its rules or orders.

7.      Pursuant to Rule 19(b)(7) of the New Hampshire Rules of the Superior Court, I answer as follows:  I have never filed an application to appear pro hac vice in New Hampshire within the preceding two years.

8.      Pursuant to Rule 19(b)(8) of the New Hampshire Rules of the Superior Court, I answer as follows:  the active member of the New Hampshire Bar, Shaun DeSantis, Diller Law, P.C., 15 Court Square, Suite 800, Boston, Massachusetts, 02108, telephone (617) 523-7771, NH Bar # 19866, will be associated with me and present at any trial or hearing on this matter.

Respectfully Submitted,

Todd B. Denenberg
DENENBERG TUFFLEY, PLLC
28411 Northwestern Highway
Suite 600
Southfield, MI  48034
MI Bar Number – P42024
MA Bar Number – 552564
(248) 549-3900

Date:  September 23, 2013

# STATE OF NEW HAMPSHIRE

**HILLSBOROUGH, SS**                           **SUPERIOR COURT**
**NORTHERN DISTRICT**

## CIVIL NO.: 216-2013-CV-00585

**ALLIANZ MÉXICO, S.A. COMPAÑIA DE SEGUROS, as Subrogee of Kimberly Clark de México, S.A.B. de C.V.**

v.

**OSRAM SYLVANIA, INC.**

## APPLICATION OF MELINDA A. DAVIS TO APPEAR PRO HAC VICE

Pursuant to Rule 19(b) of the New Hampshire Rules of the Superior Court, I, a member of the bar in good standing in the State of Michigan, am sending a $250 check made payable to the Hillsborough Superior Court together with this Application for Pro Hac Vice:

1.      Pursuant to Rule 19(b)(1) of the New Hampshire Rules of the Superior Court, I answer as follows: My residential residence is 114 West Hickory Grove Road, Bloomfield Hills, Michigan 48304 and my business address is Denenberg Tuffley, PLLC, 28411 Northwestern Highway, Suite 600, Southfield, Michigan 48034, telephone (248) 549-3900.

2.      Pursuant to Rule 19(b)(2) of the New Hampshire Rules of the Superior Court, I answer as follows:  the name of the client sought to be represented is:

Allianz México, S.A. CompaÑia de Seguros,
as Subrogee of Kimberly Clark de México, S.A.B. de C.V.
Blvd. Manuel Avila Camacho # 164, Col.
Lomas de Barrilaco
Ciudad de Mexico
Disitrito Federal
PO Box 11010
Mexico
Telephone: 52 55 5201-31-94

3.      Pursuant to Rule 19(b)(3) of the New Hampshire Rules of the Superior Court, I answer as follows:  I am admitted to practice before the Courts in Michigan and have been admitted to practice since November 1, 1994.

4.      Pursuant to Rule 19(b)(4) of the New Hampshire Rules of the Superior Court, I answer as follows: Not applicable, as I have never applied for *pro hac vice* in the State of New Hampshire.

5.      Pursuant to Rule 19(b)(5) of the New Hampshire Rules of the Superior Court, I answer as follows:  No formal, written disciplinary proceeding has ever been brought against me by any disciplinary authority in any other jurisdiction within the last five years.

6.      Pursuant to Rule 19(b)(6) of the New Hampshire Rules of the Superior Court, I answer as follows:  I have never been formally held in contempt or otherwise sanctioned by any court in a written order in the last five years for disobedience to its rules or orders.

7.      Pursuant to Rule 19(b)(7) of the New Hampshire Rules of the Superior Court, I answer as follows:  I have never filed an application to appear pro hac vice in New Hampshire within the preceding two years.

8.      Pursuant to Rule 19(b)(8) of the New Hampshire Rules of the Superior Court, I answer as follows:  the active member of the New Hampshire Bar, Shaun DeSantis, Diller Law, P.C., 15 Court Square, Suite 800, Boston, Massachusetts, 02108, telephone (617) 523-7771, NH Bar # 19866, will be associated with me and present at any trial or hearing on this matter.

Respectfully Submitted,

Melinda A. Davis
DENENBERG TUFFLEY, PLLC
28411 Northwestern Highway
Suite 600
Southfield, MI  48034
MI Bar Number – P51936
(248) 549-3900

Date:  September 23, 2013



# STATE OF NEW HAMPSHIRE

**HILLSBOROUGH, SS**                                     **SUPERIOR COURT**
**NORTHERN DISTRICT**

## CIVIL NO.: 216-2013-CV-00585

**ALLIANZ MÉXICO, S.A. COMPAÑIA DE SEGUROS, as Subrogee of Kimberly Clark de México, S.A.B. de C.V.**

v.

**OSRAM SYLVANIA, INC.**

## APPLICATION OF RYAN M. AKERS TO APPEAR PRO HAC VICE

Pursuant to Rule 19(b) of the New Hampshire Rules of the Superior Court, I, a member of the bar in good standing in the State of Michigan, am sending a $250 check made payable to the Hillsborough Superior Court together with this Application for Pro Hac Vice:

1.      Pursuant to Rule 19(b)(1) of the New Hampshire Rules of the Superior Court, I answer as follows: My residential residence is 746 Hathaway, Auburn Hills, Michigan 48326 and my business address is Denenberg Tuffley, PLLC, 28411 Northwestern Highway, Suite 600, Southfield, Michigan 48034, telephone (248) 549-3900.

2.      Pursuant to Rule 19(b)(2) of the New Hampshire Rules of the Superior Court, I answer as follows: the name of the client sought to be represented is:

Allianz México, S.A. CompaÑia de Seguros,
as Subrogee of Kimberly Clark de México, S.A.B. de C.V.
Blvd. Manuel Avila Camacho # 164, Col.
Lomas de Barrilaco
Ciudad de Mexico
Disitrito Federal
PO Box 11010
Mexico
Telephone: 52 55 5201-31-94

3.      Pursuant to Rule 19(b)(3) of the New Hampshire Rules of the Superior Court, I answer as follows: I am admitted to practice before the Courts in Michigan and have been admitted to practice since November 4, 2005.

4.      Pursuant to Rule 19(b)(4) of the New Hampshire Rules of the Superior Court, I answer as follows: Not applicable, as I have never applied for *pro hac vice* in the State of New Hampshire.

5.      Pursuant to Rule 19(b)(5) of the New Hampshire Rules of the Superior Court, I answer as follows:  No formal, written disciplinary proceeding has ever been brought against me by any disciplinary authority in any other jurisdiction within the last five years.

6.      Pursuant to Rule 19(b)(6) of the New Hampshire Rules of the Superior Court, I answer as follows:  I have never been formally held in contempt or otherwise sanctioned by any court in a written order in the last five years for disobedience to its rules or orders.

7.      Pursuant to Rule 19(b)(7) of the New Hampshire Rules of the Superior Court, I answer as follows:  I have never filed an application to appear pro hac vice in New Hampshire within the preceding two years.

8.      Pursuant to Rule 19(b)(8) of the New Hampshire Rules of the Superior Court, I answer as follows:  the active member of the New Hampshire Bar, Shaun DeSantis, Diller Law, P.C., 15 Court Square, Suite 800, Boston, Massachusetts, 02108, telephone (617) 523-7771, NH Bar # 19866, will be associated with me and present at any trial or hearing on this matter.

Respectfully Submitted,

Ryan M. Akers
DENENBERG TUFFLEY, PLLC
28411 Northwestern Highway
Suite 600
Southfield, MI  48034
MI Bar Number – P67450
(248) 549-3900

Date:  September 23, 2013